UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23595-ALTMAN

**RIONNE JACKSON**,

    *Plaintiff*,

v.

**RKW RESIDENTIAL**,

    *Defendant*.

_____/

## ORDER

Our Plaintiff, Rionne Jackson, has brought a civil-rights complaint against Defendant RKW Residential for refusing to accept Jackson's payment towards a lease application. *See* Complaint [ECF No. 1] at 4 ("I submitted an application along with my tender of payment to the property manager [and] they did not apply it to the account required for them to open."). But "[f]ederal courts have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). After reviewing the Complaint, we find that we lack subject-matter jurisdiction over this action. We therefore **DISMISS** *without prejudice* the Plaintiff's Complaint. He'll have **thirty days** to file an amended complaint.

### THE LAW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The "party bringing the claim," therefore, must first "establish[ ] federal subject matter jurisdiction" before a federal court can review a claim on its merits, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam))— "[r]egardless of whether [the] plaintiff is represented by a veteran

attorney or, as in this civil case, proceeds *pro se*," *Taylor v. Appleton*, 30 F.3d 1365, 1365 (11th Cir. 1994) Although "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), that "leniency does not give a court license to serve as de facto counsel for a party" or to "rewrite an otherwise deficient pleading in order to sustain an action," *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). And, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (cleaned up)).

## ANALYSIS

"Congress granted federal courts jurisdiction over two general types of cases: cases that 'arise under' federal law, [28 U.S.C.] § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, [28 U.S.C.] § 1332(a)." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019). Jackson appears to be trying to invoke our federal-question jurisdiction under § 1331, since he alleges that the Defendant violated the provisions of 42 U.S.C. § 1983 and "Section 16 [of the] Federal Reserve Act." Complaint at 3. But Jackson has failed to show that we can exercise subject-matter jurisdiction over his suit under either § 1331 or § 1332.

*First*, we don't have federal-question jurisdiction over this action because Jackson cannot allege "a colorable claim 'arising under' the Constitution or laws of the United States." *Hakki v. Sec'y, Dep't of Veterans Affs.*, 7 F.4th 1012, 1031 (11th Cir. 2021) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006)). The Complaint relies on two federal statutes—§ 1983 and 12 U.S.C. § 411 (otherwise known as Section 16 of the Federal Reserve Act)—but Jackson doesn't make out a colorable claim under either statute. As to § 1983, "a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred *under*

*color of state law.*" *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998) (emphasis added). The "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Since the sole Defendant in this case is a private "leasing agency," *see* Complaint at 7, Jackson cannot state a claim under § 198, *see, e.g.*, *Shell v. Foulkes*, 362 F. App'x 23, 28 (11th Cir. 2010) ("Given that Shell's complaint alleged only private action by his landlord and not state action, the district court properly dismissed the complaint for failure to state a § 1983 claim."); *Dumond v. Carrington*, 2022 WL 1121741, at *3 (S.D. Fla. Apr. 14, 2022) (Altman, J.) ("Unsurprisingly, the Eleventh Circuit routinely affirms dismissals of state-law, landlord-tenant claims that plaintiffs have disguised as § 1983 claims." (first citing *Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238 (11th Cir. 2009); and then citing *Douse v. Metro Storage, LLC*, 770 F. App'x 550, 551 (11th Cir. 2019))).

Nor can Jackson use Section 16 of the Federal Reserve Act as a jurisdictional hook. That statute gives the "Board of Governors of the Federal Reserve System" the power to "put[ ] Federal reserve notes into circulation by supplying them to the [Federal Reserve banks]." *United States v. Wells Fargo & Co.*, 943 F.3d 588, 603 (2d Cir. 2019) (citing 12 U.S.C. § 411–12). The Federal Reserve Act (it goes without saying) has nothing to do with this case—which involves a property manager's alleged refusal to "appropriately apply [Jackson's] payment" to a lease application. Complaint at 7. And, even if it did, Section 16 "does not provide plaintiffs with a private right of action and therefore does not establish federal question jurisdiction." *White v. Lake Union Ga. Partners LLC*, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023); *see also Timothy Francis McTigue Tr. v. JP Morgan Chase Bank*, 2018 WL 11652222, at *1 (S.D. Fla. Nov. 2, 2018) (Bloom, J.) ("[T]here is no basis for jurisdiction of a private action under 12 U.S.C. § 411."). Because this isn't a civil action that "aris[es] under the Constitution, laws, or treaties of the United States," we lack federal-question jurisdiction under § 1331.

*Second*, Jackson hasn't alleged that the parties are completely diverse, so we cannot exercise diversity jurisdiction under § 1332. There are two requirements to our diversity jurisdiction. *One*, the plaintiff must show that "there is complete diversity of parties, meaning that no plaintiff is a citizen of the same State as any defendant." *Jackson*, 587 U.S. at 450; *see also Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). *Two*, the "amount in controversy" between the parties must "exceed[ ] $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).[1] Jackson is "a domiciliary of Miami-Dade County in the state of Florida," Complaint at 7, so he's a citizen of Florida for diversity purposes, *see McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

But we simply have no clue what RKW Residential's citizenship is (or even what type of business entity it is). All Jackson says is that the Defendant "is authorized to conduct business within the [S]tate of Florida[.]" Complaint at 7. This won't do. To establish diversity jurisdiction, Jackson first needs to tell us whether the Defendant is a corporation or a non-corporate entity, such as an LLC or partnership. If it's a corporation, the Defendant will be a citizen "of its state or foreign country of incorporation and its principal place of business." *ECB USA, Inc. v. Chubb Ins. Co. of N.J.*, __ F.4th __, 2024 WL 3975776, at *4 (11th Cir. Aug. 29, 2024). If the Defendant is an LLC or some other non-corporate entity, then it "is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (cleaned up). It will be Jackson's responsibility to "sufficiently allege the citizenship[ ]" of RKW Residential by "list[ing] the citizenship of all the members of the [company]." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Of course, if the Defendant is a citizen of

---

[1] Jackson has met the "amount-in-controversy" requirement under § 1332 by alleging that "[t]he disputed amount stands at $156,408[.]" Complaint at 7.

Florida under the applicable test, we won't be able to exercise diversity jurisdiction over this case. *See Triggs*, 154 F.3d at 1287 ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").

In general, a *pro se* plaintiff must be given "at least one opportunity to amend [his] claims . . . if it appears a more carefully drafted complaint might state a claim upon which relief can be granted[.]" *Silva v. Bieluch*, 251 F.3d 1045, 1048 (11th Cir. 2003) (cleaned up). We'll therefore allow Jackson to file an amended complaint, which must establish a proper basis for our subject-matter jurisdiction over the case. But Jackson won't be given any other chances to meet this baseline requirement. If Jackson's amended complaint fails to establish our subject-matter jurisdiction, we'll dismiss it *without leave to amend*.

\*   \*   \*

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Complaint [ECF No. 1] is *sua sponte* **DISMISSED** *without prejudice* for lack of subject-matter jurisdiction.
2. The Plaintiff shall file his amended complaint by **October 18, 2024**.
3. The Clerk shall **CLOSE** this case for administrative purposes.

**DONE AND ORDERED** in the Southern District of Florida on September 18, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Rionne Jackson, *pro se*